UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| MARCIA BISHOP<br>4018 W. Garrison Ave.<br>Baltimore, MD 21215<br><br>                    Plaintiff(s),<br><br>   -v.-<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC<br>135 Interstate Blvd., Suite 6<br>Greenville, SC 29615<br><br>                    Defendant. | **Civil Action No:** |

## COMPLAINT

Plaintiff Marcia Bishop ("Plaintiff" or "Bishop") by and through her attorneys, Meridian Law, LLC, as and for its Complaint against Defendant Dynamic Recovery Solutions, LLC ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of Maryland, County of Baltimore City, residing at 4018 W Garrison Ave, Baltimore, MD 21215.

3. Defendant is a debt collector with a mailing address of 135 Interstate Blvd. Suite 6, Greenville, SC 29615.

4. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. This debt's original creditor is Yardmore Emergency Physicians. It is a medical debt, was incurred for personal purposes and is a consumer debt as defined by the FDCPA.

11. On or around June 15, 2016, Defendant sent an initial written communication (the "Letter") to the Plaintiff seeking to collect the Alleged Debt.

12. When a debt collector solicits payment from a consumer it must, within five days of the initial communication, provide the consumer with a written validation notice which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

13. The FDCPA further provides that if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

14. Any collection activities and communication during the 30-day validation period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. 15 U.S.C. § 1692g(b).

15. The letter contains the requisite "G-Notice".

16. The letter omits the fact that the statute of limitations for the debt that Defendant is attempting to collect has expired.

17. This is a material disclosure and its omission from the letter overshadows the "G-Notice."

18. Although a collection letter may track the statutory language, ''the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.'' Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) (''It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed.''). Put differently, a notice containing ''language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act.'' Russell, 74 F.3d at 34.

19. The omission of this required language overshadows the "G-Notice" because it coerces the consumer not her exert her rights under the Fair Debt Collection Practices Act.

20. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

22. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to to 15 U.S.C. §§1692g, 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f.

23. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Marcia Bishop demands judgment from the defendant Dynamic Recovery Solutions, LLC , as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: March 30, 2017

        /s/ Aryeh E. Stein
**Meridian Law, LLC**
By:  Aryeh E. Stein, Fed. Bar No. 24559
600 Reisterstown Road
Suite 700
Baltimore, MD 21208
Phone: 443-326-6011
Fax: 410-653-9061